# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **L S PROP 1, LLC** <br> **Plaintiff** | **CIVIL CASE NO. _____** |
| **versus** | **JUDGE JAMES CAIN** |
| **SCOTTSDALE INSURANCE COMPANY** <br> **Defendant** | **MAGISTRATE JUDGE KAY** |

## ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiff, L S PROP 1, LLC (hereinafter "Plaintiff"), who respectfully represents as follows:

**Parties**

1.

The parties herein are:

Plaintiff, L S PROP 1, LLC, is a domestic limited liability company, organized and doing business in Calcasieu Parish, Louisiana; and

Made defendant herein is SCOTTSDALE INSURANCE COMPANY (hereafter "Scottsdale" or "defendant") a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, Louisiana.

**Jurisdiction and Venue**

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**Factual Background**

3.

Scottsdale insured a property owned by L S Prop 1, LLC located at 44 Magnolia, Sulphur, LA at all relevant times herein.

4.

Where used herein, "Scottsdale" refers to not only the named entity but to anyone acting on behalf of Scottsdale in relation to the claims of Plaintiff, including the employees, contractors, adjusters and agents of Scottsdale or anyone providing services to Scottsdale relating to the claims of Plaintiff.

5.

Hurricane Laura struck the Gulf Coast including Hayes, Louisiana from August 26- 28, 2020, making landfall around 1:00 A.M. on August 27 near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

6.

The above property was damaged as a result of winds and wind-driven rains associated with Hurricane Laura. Not only did the building receive extensive damage rendering it unusable for its intended purpose, but the contents and other structures of the property sustained damage and there was debris that had to be removed. The property was a rental location owned by the Plaintiff and could not be inhabited for a period of time.

7.

Scottsdale was notified of the loss and was provided with satisfactory proof of Plaintiff's

loss when it was given full access to inspect all damages at the insured property without limitation on September 24, 2020.

8.

On or about October 29, 2020, Scottsdale provided their insured with a copy of an estimate which misrepresented the extent and nature of the damage to the property and underestimated the amount needed to repair the property. Scottsdale's estimate of repairs totaled $164,610.96 after deductions for depreciation and the policy deductible.

9.

On or about September 7, 2021, Plaintiff provided Scottsdale with an estimate of damages to the dwelling which reflected replacement cost value of $549,339.31, over $200,000 over the applicable policy limits.

10.

On or about September 30, 2021, Plaintiff provided Scottsdale with proof of rental losses in the form of leases and income statements.

11.

Scottsdale issued payment of loss rentals on October 22, 2021 in the amount of $15,750.00.

12.

An additional inspection occurred at the property on November 15, 2021.

13.

Scottsdale received the report of the inspection on or about January 6, 2022.

14.

Scottsdale issued payment on or about February 3, 2022 for the remaining $163,099.076 balance of policy limits on the subject property.

## Claim for Breach of Contract

15.

Scottsdale undeniably owes Plaintiff the amounts reflected in the satisfactory proof of loss sent and has failed to unconditionally tender the amounts owed.

16.

Scottsdale is in breach of its obligations to Plaintiff under the insurance policy by its refusal to pay timely the amounts owed under the policy.

17.

In addition to amounts reflected in proofs of loss already received by Scottsdale, Plaintiff is entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the property, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

## Claims for Violations of La. R.S. § 22:1892 and/or§ 22:1973

18.

Louisiana Revised Statute 22:1892 obliges an insurer, such as Scottsdale, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

19.

Louisiana Revised Statute 22:1973 imposes on insurers, such as Scottsdale, in first party

claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds, such as Plaintiff. Section 1973 makes any mis- representation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

20.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

21.

More than sixty days have elapsed since Scottsdale first received satisfactory proof of loss before Scottsdale tendered of amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

22.

In addition to the amount of the loss owed, Scottsdale is also liable to Plaintiff for a penalty of 50% of the amount due from Scottsdale, as well as reasonable attorney's fees and costs, based on Scottsdale's failure to unconditionally tender the amounts owed to Plaintiff within thirty (30) days after receipt of satisfactory proof of loss because Scottsdale's failure to do so was arbitrary, capricious, or without probable cause.

23.

In addition to actual damages suffered for its violation of Louisiana Revised Statue

22:1973, Scottsdale is additionally liable to Plaintiff for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

24.

Scottsdale is and continues to be in violation of both Louisiana Revised Statute 22:1892 and 22:1973 and is liable unto Plaintiffs for damages, statutory penalties, attorneys' fees, interest and costs.

WHEREFORE, after due proceedings hereon, Plaintiff, L S PROP 1, LLC, prays for judgment in her favor against Defendant, SCOTTSDALE INSURANCE COMPANY, finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

Respectfully submitted,

**THE JOHNSON FIRM**
1400 Ryan Street
P.O. Box 849
Lake Charles, LA 70602
(337) 433-1414/Telephone
(337) 433-3234/Facsimile
kilburn@johnsonfirmla.com


**By:** *s//Kilburn S. Landry*
**KILBURN S. LANDRY, No. 33230**
*Attorney for Plaintiffs*